UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VICKERY,<br><br>                              Plaintiff,<br><br>v.<br><br>SD BULLION, INC.. SMART SILVER STACKER, SILVER DRAGONS, YANKEE STACKING, SILVER SEEKER, and DOES 1 through 10,<br><br>                              Defendants. | Case No.: 3:25-cv-1915-JES-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING PART MOTION TO DISMISS; and**<br><br>**(2) DENYING MOTION FOR LEAVE TO AMEND AS MOOT**<br><br>**[ECF Nos. 6, 9]** |

Plaintiff Robert Vickery ("Plaintiff") brings this action against Defendants SD Bullion, Inc., ("Defendant"); the YouTube channels Smart Silver Stacker, Silver Dragons, Yankee Stacking, Silver Seeker (collectively, "YouTube Defendants"); and 10 Doe Defendants alleging various causes of action arising from his purchase of precious metal coins from Defendant's website. ECF No. 1 ("Compl."). Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 6. Plaintiff filed an opposition to the motion to dismiss. ECF No. 8. Plaintiff also filed a

motion to amend or correct his complaint. ECF No. 9. On November 12, 2025, the Court heard oral argument on the motion. ECF No. 10. For the reasons stated herein, Defendant's motion is **GRANTED** in part and **DENIED** in part, and Plaintiff is given leave to amend.

## I.    BACKGROUND

On May 25, 2025, Plaintiff purchased a gold coin from Defendant through its website for the price of $1,123.95. Compl. ¶ 14. Plaintiff states that he relied upon Defendant's representation through online marketing that its coins were "The Lowest Price. Period." in making his purchase. *Id.* ¶ 2. Plaintiff alleges that Defendant advertises its services and products with the phrase "SD BULLION The Lowest Price. Period." in all of its promotional materials and online advertisements. *Id.* ¶ 12. However, Plaintiff alleges that he later learned that the coins sold by SD Bullion were $102 more expensive per coin than coins available through other retailers that day. *Id.* ¶ 17. Plaintiff alleges that Defendant knew or should have known that its "Lowest Price" advertisement was false, and that he would not have purchased the coins had he known the statement was false. *Id.* ¶¶ 19-20.

Plaintiff alleges that Defendant is a premium dealer that benefits from the "halo effect" conferred by others who promote its products on their platforms. *Id.* ¶ 15. YouTube Defendants are YouTube channels and social media platforms. *Id.* ¶¶ 4-8. Plaintiff alleges that the YouTube Defendants advertised SD Bullion's merchandise and false or misleading statements regarding price, and that they knew or should have known of the statement's falsity. *Id.* ¶¶ 21-25. Plaintiff brings causes of action for violations of (1) False Advertising pursuant to 15 U.S.C. § 1125 ("Lanham Act"); (2) Contributory False Advertising pursuant to the Lanham Act; (3) California Unfair Competition Law ("UCL") pursuant to Business & Profession Code § 17200; (4) California False Advertising Law ("FAL") pursuant to Business & Profession Code § 17500; and (5) Civil Conspiracy. *Id.* ¶¶ 33-77.

//

//

3:25-cv-1915-JES-DDL

## II.   LEGAL STANDARD

### A. Rule 12(b)(6)

A motion to dismiss for failure to state a claim should be granted when the allegations do not "state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotations omitted).

When evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). While the court must draw all reasonable inferences from the factual allegations in favor of the plaintiff, *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008), the court need not credit legal conclusions that are couched as factual allegations, *Iqbal*, 556 U.S. at 678-79.

When a court dismisses a complaint under FRCP 12(b)(6), it must then decide whether to grant leave to amend. FRCP 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725-26 (9th Cir. 2000). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758

(9th Cir. 2003). In other words, if allowing a party to amend its pleading would be futile, district courts properly decline to grant leave to amend. *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).

**B. Rule 9(b)**

Plaintiffs bringing UCL false advertising claims in federal court are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which mandates that a plaintiff alleging fraud must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *See also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Such allegations must set forth the "who, what, when, where, and how" of the alleged misconduct. *Id.* The allegations must be "specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (quoting *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotation marks omitted).

**C. Rule 12(f)**

Rule 12(f) permits the court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally disfavored and should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Diamond S.J. Enter., Inc. v. City of S.J.*, 395 F. Supp. 3d 1202, 1216 (N.D. Cal. 2019), *aff'd*, 100 F.4th 1059 (9th Cir. 2024) (citation omitted). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citation omitted). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Diamond S.J. Enter., Inc.*, 395 F. Supp. 3d at 1216 (citation omitted).

3:25-cv-1915-JES-DDL

### III.   DISCUSSION

Defendant argues that Plaintiff's class allegations are insufficient to survive a motion to dismiss because (1) Plaintiff lacks standing to represent a class under the Lanham Act in counts one and two; (2) Plaintiff may not represent a nationwide class for his state claims arising under California law; (3) Plaintiff has not satisfied the commonality requirement of Federal Rule of Civil Procedure 23(b)(3); (4) Plaintiff fails to state a cause of action under the UCL; (5) Plaintiff fails to state a cause of action under the FAL; and (6) Plaintiff fails to state a cause of action for Civil Conspiracy. ECF No. 6-1 ("Mot.") at 7-12. The Court analyzes each of Defendant's arguments below.

#### A. Standing

Defendant argues that, as a consumer, Plaintiff lacks standing to sue under the Lanham Act. Mot. at 9-10. The Court agrees.

The "Lanham Act's purpose [is] protecting persons engaged in commerce within the control of Congress against unfair competition." *POM Wonderful LLC v. Coca-Cola Co.,* 573 U.S. 102, 108 (2014) (cleaned up). In *Lexmark International*, cited by both Defendant and Plaintiff for the standard for Lanham Act violations, the Supreme Court held that the Lanham Act protects commercial injuries proximately caused by competitor misrepresentations. *Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 140 (2014). "A consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III, but he cannot invoke the protection of the Lanham Act—a conclusion reached by every Circuit to consider the question." *Id.* at 132.

Here, Plaintiff is a non-commercial real person. Compl. ¶ 2. Plaintiff seems to suggest that the Court should interpret the Lanham Act to include individuals based on its plain language, without citing any caselaw. ECF No. 7 at 4. This is not persuasive, given the Supreme Court's clear statement to the contrary. *See Lexmark Int'l*, 572 U.S. at 140. Thus, Defendant's motion to dismiss Plaintiff's Lanham Act claims in counts one and two is **GRANTED** without leave to amend.

3:25-cv-1915-JES-DDL

### B. Representation of Nationwide Class

A class action plaintiff may only represent a putative class consisting of members who share common questions of law with the plaintiff. Fed. R. Civ. P. 23(b)(3). Whether a plaintiff may represent a nationwide class for state law claims is a choice-of-law question, which courts will only decide prior to the class certification stage if it is evident from the complaint that "any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *Krantz v. Old Copper Co., Inc.*, 794 F. Supp. 3d 724, 748 (C.D. Cal. 2025). District Courts sitting in diversity follow forum state choice-of-law rules as a form of substantive law. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941). While Plaintiffs bear the burden of showing that their choice of law is proper to certify a class under California law, Defendants bear the burden at the motion to dismiss stage to show that Plaintiffs have not stated a claim. *See Bias v. Wells Fargo & Co.*, 942 F. Supp. 2d 915, 929 (N.D. Cal. 2013) ("Ultimately, Plaintiffs will bear the burden of establishing whether issues relating to choice of law can survive the test for class certification."); Fed. R. Civ. P. 12(b)(6). Courts may decline to make choice-of-law determinations prior to a motion for class certification when the record as to where the harms are felt or the difference in law between states is underdeveloped by the parties. *See, e.g., Bias*, 942 F. Supp. 2d at 929 (declining to make choice-of-law determination prior to class certification motion due to lack of record on where harms were felt); *Krantz*, 794 F. Supp. 3d at 749-50 (declining to make choice-of-law determination in motion to strike contract claims due to lack of record on differences in law).

Here, the record is underdeveloped as to where the harms are felt or the difference in law between states, making it difficult for the Court to decide whether Plaintiff may represent a nationwide class. This decision should be made based on a more complete record than currently exists. Whether Plaintiff's UCL and FAL claims are ultimately tied to California cannot be discerned without the benefit of discovery. For that reason, a determination is better suited for the class certification stage.

3:25-cv-1915-JES-DDL

For the for foregoing reasons, the Court **DECLINES** to hold, at this juncture, that Plaintiff is unable to represent a nationwide class. This issue is better suited for determination at the class certification stage, and Defendant's motion to dismiss on this ground is hereby **DENIED**.

### C. Commonality for Class Allegations

Defendant argues that Plaintiff's class allegations cannot plausibly meet the commonality requirement for a class action because (1) the precious metal coins Defendant sells are very different from each other and (2) Plaintiffs may not represent a nationwide class of plaintiffs for claims arising under California law. Mot. at 8-9. The Court has previously addressed Defendant's second argument regarding Plaintiff's ability to represent a nationwide class and will only address Defendant's first argument below.

### 1. The differences between coins

"The prevailing view in the Ninth Circuit is that class action plaintiffs can bring claims for products they did not purchase as long as the products and alleged misrepresentations are substantially similar." *Cordes v. Boulder Brands USA, Inc.*, No. CV 18-6534 PSG (JCx), 2019 WL 1002513, at \*2 (C.D. Cal. Jan. 30, 2019) (cleaned up) (quotations and citations omitted). "Factors that other courts have considered include whether the challenged products are of the same kind, whether they are comprised of largely the same ingredients, and whether each of the challenged products bears the same alleged mislabeling." *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1141 (N.D. Cal. 2013). "Courts often postpone the inquiry about the similarity of the products until the class certification stage." *See Cordes*, 2019 WL 1002513, at \*2.

Here, the two putative classes consist of all California persons and all persons who resided in the United States who purchased precious metal coins and paid more than they would elsewhere based on SD Bullion's low price assurance. Compl. ¶ 26. Plaintiff's allegation that all the coins purchased were made of precious metal is sufficient to plausibly allege that the coins are "of the same kind" and "comprised of largely the same ingredients." *See Wilson*, 961 F. Supp. 2d at 1141. Further, Plaintiff sufficiently alleges

that "each of the challenged products bears the same alleged mislabeling" by alleging that Defendant made its low-price statement in all of its advertisements. *Id.*; Compl. ¶ 12. Defendant's argument that specific types of coins have many iterations such as weight is better suited for class certification than motion to dismiss because it gets into the minutiae of claims, rather than general similarity and common false statement. *See Cordes*, 2019 WL 1002513, at *2. Thus, the motion to dismiss Plaintiff's claims on the basis that the Plaintiff cannot represent class members who purchased distinct coins is **DENIED**.

### D. UCL and FAL

Defendant argues that Plaintiff's claims arising under the UCL and FAL should be dismissed because Plaintiff's allegations are conclusory and unconnected to his claim, and do not meet the heightened pleading requirement for allegations of fraud. Mot. at 11-12. As explained below, the Court disagrees.

The UCL prohibits "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising" as a form of unfair competition. Cal. Bus. & Prof. Code § 17200. The FAL similarly prohibits "untrue or misleading" advertising "which is known, or which by the exercise of reasonable care, would be known to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. "[A]ny violation of the false advertising law … necessarily violates the UCL." *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002). "The UCL expressly incorporates the FAL's prohibition on unfair advertising as one form of unfair competition." *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013). To state a claim for false advertising under California law, a plaintiff must allege an advertisement which is "either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public," and "likely to deceive a reasonable consumer." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1092 (N.D. Cal. 2017) (internal quotations omitted). California's Supreme Court has held that plaintiffs who bring UCL claims on a theory of fraud, such as false advertising claims, must also show actual reliance, because "reliance is the causal mechanism of fraud." *In re Tabacco II Cases*, 46 Cal. 4th 298, 326 (2009). "[A]t the motion to dismiss stage, 'actual reliance … is inferred from the

3:25-cv-1915-JES-DDL

misrepresentation of a material fact.'" *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1021 (quoting *Friedman v. AARP*, Inc., 855 F.3d 1047, 1055 (9th Cir. 2017)). Because the UCL and FAL are premised on the same alleged false statements, the Court evaluates the sufficiency of the false advertising claims collectively.

Here, Plaintiff alleges that SD Bullion advertised "Lowest Price. Period.," that the statement was objectively false, and that it induced his purchase of their coins. Compl. ¶¶ 18-19, 52-59. These allegations are sufficient to state a UCL and FAL claim under California law because, taken as true, they show a misrepresentation through a false statement, and that the misrepresentation was material because it induced Plaintiff to purchase a coin. *See Moore*, 966 F.3d at 1021. Defendant argues that these allegations are insufficient because they do not show a connection to the specific coin purchased by Plaintiff. Mot. at 14. However, interpreting the allegations in the light most favorable to Plaintiff as the nonmoving party, the Court finds it plausible that a consumer could be induced to buy a precious metal coin by an advertisement contained throughout marketing materials for a business that primarily sells such coins. *See* Compl. ¶ 12. Thus, Plaintiff has sufficiently alleged a UCL and FAL false advertising claim under California law.

Regarding Rule 9(b)'s heightened pleading standard, Defendant argues that these allegations contain insufficient detail to put it on notice of the fraud claims. Mot. at 15. However, Plaintiff's allegation that Defendant intentionally falsely stated that its prices were "the lowest" to induce customers to buy its coins does contain who (Defendant), what (false statements), when (before Plaintiff purchased his coin), where (on Defendant's website), why (to sell coins), and how (through advertisements) of the misconduct charged. *See Kearns*, 567 F.3d at 1124; Compl. ¶¶ 61-62. Based on Plaintiff's theory of straightforward false advertising, the allegations contained in the complaint of the false statement, knowledge, and where it was advertised are sufficient to put the Defendant on notice of the charged conduct of making a false statement and advertising it. *See id.; Semegen v. Weidner*, 780 F.2d 727, 731 (1985). Therefore, Defendant's motion to dismiss Plaintiff's UCL and FAL claims are **DENIED**.

3:25-cv-1915-JES-DDL

**E. Civil Conspiracy**

Defendants argue that Plaintiff fails to state a claim for conspiracy because he does not allege an agreement between SD Bullion and the YouTube Defendants to achieve an unlawful goal. Mot. at 16. The Court agrees.

As a threshold matter, civil conspiracy under California law "is not a cause of action," but instead "a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Allied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510-11 (1994). To state a claim for civil conspiracy, a plaintiff must allege "(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." *Kidron v. Movie Acquisition Corp.,* 40 Cal. App. 4th 1571, 1581 (1995). To show the first element, "bare allegations and rank conjecture do not suffice," because a plaintiff must show that defendants "acted in concert and came to a mutual understanding to accomplish a common and unlawful plan." *AREI II Cases*, 216 Cal. App. 4th 1004, 1022 (2013) (internal quotations and citations omitted).

Here, Plaintiff alleges that SD Bullion and the YouTube Defendants all knew or should have known that SD Bullion's low price statement was false, and that they reached an agreement to conspire over email. Compl. ¶¶ 11-12. However, nothing in the complaint shows more than "rank conjecture" to prove that the defendants acted towards an unlawful goal. *See AREI II Cases*, 216 Cal. App. 4th at 1022. Without some facts plausibly showing that Defendants had a mutual understanding to commit an unlawful act, Plaintiff has not overcome the more plausible presumption that Defendants were merely agreeing on the lawful goal of advertising. *See Iqbal*, 556 U.S. at 680 (requiring federal courts to look beyond mere statements of conspiracy for facts that show "plausible suggestion of conspiracy"). Therefore, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's civil conspiracy claims.

//

10

**F. Motion to Strike**

Defendant argues that Plaintiff's prayer for monetary damages, Prayer 9E, should be stricken because Plaintiff is limited to equitable relief for California UCL and FAL causes of action. Mot. at 5. Plaintiff does not address this argument at all in his opposition. By failing to address this issue, Plaintiff concedes it. *See Walsh v. Nevada Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding plaintiff who failed to address issues raised in defendant's motion in his opposition brief "has effectively abandoned his claim, and cannot raise it on appeal"); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *Lee v. Summit Tr. Servs., LLC*, No. CV 19-3814-DMG (Ex), 2020 WL 1249971, at *3 (C.D. Cal. Jan. 22, 2020) (granting motion to dismiss because plaintiff's opposition "[did] not address Defendants' arguments to dismiss" and thus "conceded that those claims should be dismissed").

Even though Plaintiff did not respond to this argument, the Court agrees with Defendant. "Damages are not available under the False Advertising and Unfair Competition Laws because restitution is the only available remedy under those statutes." *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 695 (2006). Further, "[t]he relief provided by those statutes may involve 'equitable considerations.'" *Id.* (internal quotations and citations omitted). For those reasons, the Court **GRANTS** Defendant's motion to strike and **STRIKES** any reference to monetary damages from the complaint

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part.

At the hearing on this motion, Plaintiff's counsel stated that the issues in the complaint could be remedied with leave to amend. Thus, finding that leave to amend would not be futile, such leave is **GRANTED** to the counts that were not dismissed with

prejudice. Plaintiff's motion for leave to amend is therefore **MOOT**. Plaintiff may file an amended complaint on or before **February 20, 2026**.

 **IT IS SO ORDERED**.

Dated: January 20, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge