Duane A. Admire (SBN: 173699)
**ADMIRE & ASSOCIATES**
1770 Avenida Del Mundo, Suite 704
Coronado, California 92118
Telephone: 619.316.6658
Email: Duaneadmire@outlook.com

***Attorneys for Plaintiffs and the Proposed Class***

**UNITED STATES DISTRICT COURT FOR THE**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Robert Vickery, Stephen Bordeaux, David Wier on behalf of themselves, and all Others Similarly Situated, and the General Public and Profits Plus Precious Metals,<br><br>Plaintiffs,<br><br>vs.<br><br>SD Bullion, Inc., Smart Silver Stacker, Silver Dragons, Yankee Stacking, Silver Seeker and DOES 1 through 100,<br><br>Defendants. | Case No. 3:25-cv-01915-JES-DDL<br><br>**<u>SECOND AMENDED CLASS ACTION COMPLAINT</u>**<br><br>**1.** FALSE ADVERTISING IN VIOLATION OF 15 USCS § 1125;<br>**2.** CONTRIBUTORY FALSE ADVERTISING IN VIOLATION OF 15 USCS § 1125;<br>**3.** UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200;<br>**4.** FALSE ADVERTISING IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17500;<br>**5.** CIVIL CONSPIRACY;<br>**6.** COMMON LAW FRAUD/INTENTIONAL MISREPRESENTATION;<br>**7.** COMMON LAW NEGLIGENT MISREPRESENTATION. |

**CLASS ACTION COMPLAINT**

Plaintiffs, complaining of the Defendants, allege and say:

ADMIRE & ASSOCIATES
1770 AVENDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

**PARTIES**

1. **Plaintiff Robert Vickery** is a resident of Coronado, California, who, at all relevant times, viewed Defendants' advertisements while in California and purchased precious metal coins from SD Bullion while residing in and physically present in California.

2. **Plaintiff Stephen Bordeaux** is a resident of Copper Hill, Virginia and, between April 24, 2022, and April 13, 2024, purchased precious metal coins from SD Bullion while residing outside of California, specifically in Virginia, in reliance on SD Bullion's "The Lowest Price. Period." advertising claim.

3. **Plaintiff David Wier** is a resident of Garland, Texas and, between May 28, 2023, and May 23, 2025, purchased precious metal coins from SD Bullion while residing outside of California, specifically in Texas, in reliance on SD Bullion's "The Lowest Price. Period." advertising claim.

4. **Profits Plus Precious Metals**, a DBA of Profits Plus Capital Management LLC is a Delaware limited Liability company and is also owned by the same entity as Idaho Armored Vaults, LLC, and is duly registered and authorized to do business in the State of California. Profits Plus Precious Metals regularly markets, sells, and distributes gold, silver, and other precious metal coins and bullion to customers located in California and throughout the entire United States, including within this District, and derives a substantial portion of its revenue from California transactions. Profits Plus Precious Metals and Idaho Armored Vaults, LLC are direct competitors of Defendant SD Bullion, Inc., including with respect to sales to California consumers as well as consumers throughout the United States.

5. **Defendant SD Bullion, Inc.** is a corporation with its principal place of business at 5151 Monroe Street, Suite 107, Toledo, Ohio.

6. **Defendant Smart Silver Stacker** is a YouTube channel and social media platform that promotes and recommends precious metal dealers, including SD Bullion. The type of entity and the owner and principal place of business of this defendant are presently unknown by Plaintiffs. This information will be added once it is ascertained by Plaintiffs.

7. **Defendant Silver Dragons** is a YouTube channel and social media platform that promotes and recommends precious metal dealers, including SD Bullion. The type of entity and the owner and principal place of business of this defendant are presently unknown by Plaintiffs. This information will be added once it is ascertained by Plaintiffs.

8. **Defendant Yankee Stacking** is a YouTube channel and social media platform that promotes and recommends precious metal dealers, including SD Bullion. The type of entity and the owner and principal place of business of this defendant are presently unknown by Plaintiffs. This information will be added once it is ascertained by Plaintiffs.

9. **Defendant Silver Seeker** is a YouTube channel and social media platform that promotes and recommends precious metal dealers, including SD Bullion. The type of entity and the owner and principal place of business of this defendant are presently unknown by Plaintiffs. This information will be added once it is ascertained by Plaintiffs.

10. Defendants DOES 1 through 100 are individuals or entities whose identities are currently unknown. These defendants participated in the unlawful conduct alleged herein.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically 15 U.S.C. § 1125 (Lanham Act).

12. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a class action where the amount in controversy exceeds $75,000, exclusive of interest and costs, for Plaintiff Profits Plus Precious Metals alone, based on

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

lost sales and damages exceeding this amount, and when aggregated for the class, the total exceeds $5 million as required under CAFA, and there is diversity of citizenship between Plaintiffs and Defendants.

13. Supplemental jurisdiction over the state law claims, including those brought by Plaintiffs Bordeaux and Wier on behalf of the Rest of the United States Class, is proper under 28 U.S.C. § 1367, as these claims form part of the same case or controversy as the federal Lanham Act claims.

14. This Court has personal jurisdiction over SD Bullion, Inc., pursuant to Cal. Code Civ. Proc. § 410.10, because SD Bullion conducts business in California, has sufficient minimum contacts with California, and avails itself of the markets of California by marketing and selling precious metal coins to California residents through its website and other promotional materials, and by directing the false advertising campaign at issue—"The Lowest Price. Period."—to consumers in California and nationwide, including Plaintiff Vickery and members of the California Class.

15. This Court has personal jurisdiction over Smart Silver Stacker as they purposefully direct their ads towards residents nationwide including residents in California and have promoted SD Bullion's "The Lowest Price. Period." advertising to California and nationwide viewers through their YouTube channel and related platforms.

16. This Court has personal jurisdiction over Silver Dragons as they purposefully direct their ads towards residents nationwide including residents in California and have promoted SD Bullion's "The Lowest Price. Period." advertising to California and nationwide viewers through their YouTube channel and related platforms. This Court has personal jurisdiction over Yankee Stacking as they purposefully direct their ads towards residents nationwide including residents in California.

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

17. This Court has personal jurisdiction over Silver Seeker as they purposefully direct their ads towards residents nationwide including residents in California and have promoted SD Bullion's "The Lowest Price. Period." advertising to California and nationwide viewers through their YouTube channel and related platforms.

18. This Court has personal jurisdiction over DOES 1 through 100 as they purposefully direct their ads towards residents nationwide including residents in California and have participated in the creation, dissemination, and/or funding of the false "The Lowest Price. Period." advertising directed to consumers in California.

19. Venue is proper in the Southern District of California pursuant to **28 USCS § 1391** because a substantial part of the events giving rise to the claims occurred in this district. Plaintiff Vickery resides in Coronado, California, which is located in the Southern District of California, and purchased precious metal coins from SD Bullion while residing in this district and Defendants directed the false and misleading advertising campaign at issue to this District and transacted business with consumers, including Plaintiff Vickery, in this District.

## STATEMENT OF FACTS

### Background on SD Bullion's False Advertising

21. SD Bullion, Inc. is a corporation that markets and sells precious metal coins nationwide through its website and other promotional materials.

22. SD Bullion advertises its services and products with the phrase "SD BULLION The Lowest Price. Period." in all its promotional materials and online advertisements. Here is a copy of the advertisements that appears on all of SD Bullions website pages, invoices, promotional material and at the top of the YouTube Defendant's channels.

**SD BULLION**
*The Lowest Price. Period.*

23. These advertisements are disseminated through SD Bullion's website, social media channels, email marketing campaigns, YouTube ads and other promotional materials. Here is a current snapshot of the false advertising from SD BULLION’S website:




24. The statement "SD BULLION The Lowest Price. Period." is literally false and misleading, as evidenced by multiple instances, including: (1) on May 25, 2025, SD Bullion's price for a 2025 1/4 oz American Gold Eagle Coin was $1,129.95, while a competitor offered it for $1,027.95; (2) on January 15, 2024, SD Bullion's price for a 2024 1 oz American Silver Eagle Coin was $27.38, while Bullion Exchanges offered it for $27.01; and (3) on May 28, 2023, SD Bullion's prices for various coins ranged from $29.31 to $30.31, while Bullion Exchanges offered them for $26.66 to $27.46.

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

25. It is impossible for any dealer to consistently offer the lowest prices to all customers at all times, given the fluctuating nature of the precious metals market and the varying costs associated with acquiring and selling precious metal coins.

26. SD Bullion's prices are, in fact, often higher than those offered by its competitors.

27. SD Bullion knew or should have known that its claim of having "The Lowest Price. Period." was false when made.

28. SD Bullion is a premium dealer that benefits from the "halo effect" conferred by other dealers who promote its products on their platforms.

**Harm to Consumer Plaintiff Robert Vickery**

29. On May 25, 2025, Plaintiff Robert Vickery purchased a 2025 1/4 oz American Gold Eagle Coin from SD Bullion at a price of $1,129.95 with tax while physically present in and residing in Coronado, California.

30. On the same day, while the gold market was closed and not varying, the identical coin was available from a competitor for $1,027.95 with tax.

31. This price discrepancy demonstrates that SD Bullion's claim of offering the lowest prices is false.

32. Plaintiff Vickery relied upon SD Bullion's false claim about having the lowest prices when making his purchase, as he had earlier purchased other products from SD Bullion.

33. Plaintiff Vickery would not have purchased the coins from SD Bullion, or would have negotiated a lower price, had he known SD Bullion's claim about having the lowest prices was false.

34. Upon comparison with other online sources, Plaintiff Vickery found that the coins sold by SD Bullion were approximately $102 more expensive per coin than available elsewhere on the same day.

35. Plaintiff Vickery then purchased the same coins from a competitor at the lower price. The following is a snapshot from the purchase confirmation Vickery received from Defendant SD Bullion with the same false advertising of "The Lowest Price. Period."

**From:** SD Bullion sales@admin.sdbullion.com
**Subject:** Order Confirmation SD Bullion Order #22230061
**Date:** May 25, 2025 at 1:14 PM
**To:** Robert Vickery rvickery2009@gmail.com

SB

**SD BULLION**
*The Lowest Price. Period.*

Robert Vickery,

Thank you for your order from SD Bullion. If you have questions about your order, you can email us at sales@sdbullion.com or call us at 1-800-294-8732. You can check the status of your order anytime by logging into your account.

**Order #22230061**

**Order Total: $1,129.95**

**Harm to Consumer Plaintiff Stephen Bordeaux**

36. Plaintiff Stephen Bordeaux is a resident of Copper Hill, Virginia, and accessed and relied on Defendants' false advertising while physically present in Virginia.

37. Between April 24, 2022, and April 13, 2024, Plaintiff Bordeaux, relying on SD Bullion's false advertising that it offers "The Lowest Price. Period.," purchased approximately 24 orders from SD Bullion while residing in Virginia. Plaintiff Bordeaux paid approximately 10% more for many orders than he would have paid elsewhere.

38. On January 15, 2024, Plaintiff Bordeaux purchased 20 "2024 1 oz American Silver Eagle Coin BU" from SD Bullion at a price of $27.38 per unit.

39. On the same day, Bullion Exchanges was offering the same coin for as low as $27.01 per unit.

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

40. Plaintiff Bordeaux made approximately 24 purchases from SD Bullion totaling over $18,000.

41. Plaintiff Bordeaux overpaid versus other online competitors by approximately 10%, resulting in approximately $1,800 in overcharges which will be proven at trial.

42. Plaintiff Bordeaux relied on SD Bullion's false "Lowest Price. Period." claim when making each of his purchases. The following is a snapshot from the purchase confirmation Mr. Bordeaux received from Defendant SD Bullion with the same false advertising of "The Lowest Price. Period." This reliance occurred through online platforms disseminated nationwide, causing harm in Virginia by inducing overpayments from Virginia consumers like Bordeaux.


SD BULLION
*The Lowest Price. Period.*

Guest,

Thank you for your order from SD Bullion. If you have questions about your order, you can email us at sales@sdbullion.com or call us at 1-800-294-8732. You can check the status of your order anytime by logging into your account.

**Order #2885000**

**Order Total: $1,800.82**

Placed on Apr 24, 2022, 5:58:35 PM

**Billing Info**

Stephen Bordeaux

43. Plaintiff Bordeaux would not have purchased the coins from SD Bullion, had he known SD Bullion's claim about having the lowest prices was false.

44. Plaintiff Bordeaux also saw and relied on SD Bullion's false "Lowest Price. Period." claim he saw from YouTube Defendants prior to making some of his purchases. This reliance

occurred through online YouTube platforms disseminated nationwide, causing harm in Virginia by inducing overpayments from Virginia consumers like Bordeaux.

**Harm to Consumer Plaintiff David Wier**

45. Plaintiff David Wier is a resident of Garland, Texas and accessed and relied on Defendants' false advertising while physically present in Texas.

46. Between May 28, 2023, and May 23, 2025, Plaintiff Wier, relying on the false representation that SD Bullion has "The Lowest Price. Period. ," made over 18 purchases from SD Bullion while residing in Texas.

47. On May 28, 2023, Plaintiff Wier purchased one "2023 1 oz Canadian Silver Maple Leaf Coin BU" from SD Bullion at a price of $30.31 per unit.

48. On May 27, 2023, Bullion Exchanges was offering the same coin for as low as $27.46 per unit.

49. On May 28, 2023, Plaintiff Wier purchased two "2023 1 oz Australian Silver Kangaroo Coin BU" from SD Bullion at a price of $29.31 per unit.

50. On May 27, 2023, Bullion Exchanges was offering the same coin for as low as $26.86 per unit.

51. On May 28, 2023, Plaintiff Wier purchased two "2023 1 oz South African Silver Krugerrand" from SD Bullion at a price of $29.51 per unit.

52. On May 27, 2023, Bullion Exchanges was offering the same coin for as low as $26.66 per unit.

53. Between May 28, 2023, and May 23, 2025, Plaintiff Wier made over 18 purchases from SD Bullion.

54. None of Plaintiff Wier's purchases from SD Bullion were at the lowest advertised price.

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

55. Plaintiff Wier overpaid versus other online competitors by approximately 10%.

56. Plaintiff Wier relied on SD Bullion's false "Lowest Price. Period." claim when making each of his purchases. This reliance occurred through online platforms disseminated nationwide, causing harm in Texas by inducing overpayments from Texas consumers like Wier. The following is a snapshot from the purchase confirmation Mr. Weir received from Defendant SD Bullion with the same false advertising of "The Lowest Price. Period." Plaintiff Weir also saw from YouTube Defendants prior to making some of his purchases the false advertising claims of Defendant SD Bullion being the Lowest Price Period.

**SD BULLION**
*The Lowest Price. Period.*

| | |
|---|---|
| Order # 21402602<br>Order Date: May 28, 2023<br>Market Prices:<br>Silver: $23.52 | SD Bullion, Inc<br>PO Box 8766<br>Toledo, OH 43623<br>1-800-294-8732<br>sales@sdbullion.com |
| **Billing Address:** | **Shipping Address:** |
| David Wier | David Wier |

57. Plaintiff Wier would not have purchased the coins from SD Bullion had he known SD Bullion's claim about having the lowest prices was false.

## Harm to Competitor Plaintiff Profits Plus Precious Metals

58. Profits Plus Precious Metals, a DBA of Profits Plus Capital Management LLC is a Delaware limited Liability company and is also owned by the same entity as Idaho Armored Vaults, LLC, which are direct competitors of the Defendant SD Bullion Inc. As set forth above, Profits Plus Precious Metals is authorized to do business in California and

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

directly competes with SD Bullion, including for sales to California and nationwide consumers.

59. Profits Plus Precious Metals is a competitor of SD Bullion in the precious metals market including California and nationwide.

60. Profits Plus Precious Metals sells gold, silver, and other precious metal coins and bullion to customers throughout the United States, including a substantial number of customers located in California.

61. Profits Plus Precious Metals was at all times mentioned in this complaint a direct competitor of SD Bullion.

62. Profits Plus Precious Metals has lost sales and suffered damage to its competitive position as a result of SD Bullion's false advertising, including lost sales and market share among California consumers.

63. Customers who would have purchased products from Profits Plus Precious Metals have instead purchased from SD Bullion in reliance on SD Bullion's false claim of having "The Lowest Price. Period." This diversion of sales includes customers located in California.

64. Profits Plus Precious Metals has suffered direct diversion of sales from itself to SD Bullion.

65. Profits Plus Precious Metals has suffered a lessening of goodwill associated with its products as a result of SD Bullion's false advertising, including damage to its business reputation among California consumers.

**Promotion of False Advertising by YouTube Defendants**

66. Defendant Smart Silver Stacker is a YouTube channel and social media platform that promotes and recommends its viewers purchase precious metals from SD Bullion. Below is

a current sample of Smart Silver Stacker's YouTube page with SD Bullion's false advertising:




67. Smart Silver Stacker was paid by SD Bullion to promote their false claim that SD Bullion is "The Lowest Price. Period." which Smart Silver Stackers was aware such claims are false.

68. Defendant Silver Dragons is a YouTube channel and social media platform that promotes and recommends and advertises for SD Bullion.

69. Smart Silver Dragons was paid by SD Bullion to promote their false claim that SD Bullion is "The Lowest Price. Period." which Smart Silver Dragons was aware such claims were and are false. Below is a current sample of Silver Dragons' YouTube page with SD Bullion's false advertising:

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118




70. Defendant Yankee Stacking is a YouTube channel and social media platform that promotes and advertises for SD Bullion.

71. Yankee Stacking was paid by SD Bullion to promote their false claim that SD Bullion is "The Lowest Price. Period." which Yankee Stacking was aware such claims were and are false. Below is a current sample of Yankee Stacking's YouTube page with SD Bullion's false advertising:

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118




72. Defendant Silver Seeker is a YouTube channel and social media platform that promotes and advertises for SD Bullion.

73. Silver Seeker was paid by SD Bullion to promote their false claim that SD Bullion is "The Lowest Price. Period." which Silver Seeker was aware such claims were and are false. Below is a current sample of Silver Seeker's YouTube page with SD Bullion's false advertising:




74. Defendant Smart Silver Stacker promoted SD Bullion's false advertising claim of having "The Lowest Price. Period." while knowing or having reason to know this claim was false.

75. Defendant Silver Dragons promoted SD Bullion's false advertising claim of having "The Lowest Price. Period." while knowing or having reason to know this claim was false.

76. Defendant Yankee Stacking promoted SD Bullion's false advertising claim of having "The Lowest Price. Period." while knowing or having reason to know this claim was false.

77. Defendant Silver Seeker promoted SD Bullion's false advertising claim of having "The Lowest Price. Period." while knowing or having reason to know this claim was false.

78. The YouTube Defendants promoted SD Bullion's false advertising claim through their respective platforms, websites, social media accounts, and other means of communication.

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

79. The YouTube Defendants knew that SD Bullion's claim of having "The Lowest Price. Period." was false when they promoted it, as they were aware that other dealers offered the same coins at lower prices.

80. The YouTube Defendants knew or should have known that SD Bullion's claim was untrue because of their expertise in the precious metals market and access to pricing information. By knowingly making and disseminating false statements of material fact to consumers about SD Bullion's prices, SD Bullion and the YouTube Defendants engaged in intentional misrepresentation and deceit, with the intent that consumers rely on those false statements when purchasing precious metals.

**Conspiracy Among Defendants**

81. SD Bullion and the YouTube Defendants formed and operated a conspiracy to promote the false advertising claim that SD Bullion had "The Lowest Price. Period." and to intentionally misrepresent material facts about SD Bullion's pricing to consumers and competitors.

82. SD Bullion and the YouTube Defendants agreed to promote the false advertising claim that SD Bullion had "The Lowest Price. Period." while knowing this claim was false and with the intent that consumers rely on that misrepresentation when deciding from whom to purchase precious metals.

83. The agreement among the defendants was evidenced by coordinated promotional activities, including synchronized posting of promotional content featuring SD Bullion's false "Lowest Price. Period." claim across multiple YouTube channels and social media platforms.

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

84. The agreement among the defendants was further evidenced by financial arrangements between SD Bullion and the YouTube Defendants whereby the YouTube Defendants received compensation for promoting SD Bullion's products and false advertising claims.
85. The agreement among the defendants was further evidenced by email communications between SD Bullion and the YouTube Defendants discussing promotional strategies and coordinating the dissemination of SD Bullion's false advertising claims.
86. Pursuant to their agreement, the defendants promoted the false advertising claim that SD Bullion had "The Lowest Price. Period." despite knowing this claim was false.
87. The defendants acted in concert and came to a mutual understanding to accomplish the common and unlawful plan of deceiving consumers through false advertising.
88. The defendants' coordinated promotional activities were designed to create the false impression that SD Bullion consistently offered the lowest prices in the precious metals market.
89. The defendants' conspiracy was intended to and did deceive consumers and divert sales from competitors to SD Bullion.

**Harm Caused by Defendants' Conduct**

90. Defendants' false claims have caused Plaintiffs Vickery, Bordeaux, and Wier to pay higher prices for precious metal coins than they would have paid had they not relied on Defendants' false advertising with Plaintiff Vickery's overpayments occurring in California and the overpayments by Plaintiffs Bordeaux and Wier occurring outside California.
91. Defendants' false claims have caused Plaintiff Profits Plus Precious Metals to lose sales and suffer damage to its competitive position in the precious metals market, including the diversion of sales from California consumers who otherwise would have purchased from

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

Profits Plus Precious Metals. Defendant SD Bullion caused its false statement to enter interstate commerce by marketing and selling precious metal coins nationwide through its website and other promotional materials.

92. The deception perpetrated by Defendants is material, in that it is likely to influence the purchasing decision.

93. Price is a significant factor in consumer purchasing decisions, especially for precious metals, and Defendants' false claim about having the lowest prices was designed to influence consumers' purchasing decisions.

## CLASS ACTION ALLEGATIONS

94. Plaintiffs Robert Vickery, Stephen Bordeaux, and David Wier bring this action as a class action pursuant to Fed. R. Civ. P. 23 and S.D. Cal. Civ. L.R. 23.1 on behalf of the following classes:

**California Class:** All persons who, while residing in California and/or physically present in California, purchased precious metal coins from SD Bullion after May 18, 2018, and paid more than comparable prices available elsewhere, as a result of SD Bullion's false advertising campaign claiming "The Lowest Price. Period."

**Rest of the United States Class:** All persons residing in the United States, excluding California, who purchased precious metal coins from SD Bullion after May 18, 2018, and paid more than comparable prices available elsewhere, as a result of SD Bullion's false advertising campaign claiming "The Lowest Price. Period." For this class, claims are brought under the laws of each class member's state of residence (e.g., Virginia law for Virginia residents like Plaintiff Bordeaux and Texas law for Texas residents like Plaintiff Wier), and not under California law. Plaintiff Vickery seeks to represent the California Class. Plaintiffs Bordeaux and Wier seek to represent the Rest of the United States Class for claims arising under their respective state laws.

95. The Classes are readily ascertainable because SD Bullion maintains records of all its customers and their purchases, including their addresses.

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

96. These records can be used to identify and notify Class members.

97. The class definitions are based on objective criteria, specifically residence and purchase history, making it administratively feasible to determine who is a member of each class.

98. The Classes are so numerous that joinder of all members is impracticable.

99. SD Bullion claims to have thousands of customers throughout the United States, with a substantial number residing in California and the remaining residing in the other states.

100. There are questions of law and fact common to each Class, which predominate over any questions affecting only individual members, including: whether SD Bullion falsely advertised that it offered "The Lowest Price. Period."; for the California Class, whether Defendants' conduct violated California law; for the Rest of the United States Class, whether Defendants' conduct violated the common laws of the relevant states; whether Defendants were unjustly enriched as a result of their conduct; and the appropriate measure of restitution.

101. Plaintiffs Vickery, Bordeaux, and Wier's claims are typical of the claims of the Classes they seek to represent; Plaintiff Vickery's claims are typical of the California Class, and Plaintiffs Bordeaux and Wier's claims are typical of the Rest of the United States Class.

102. Plaintiffs Vickery, Bordeaux, and Wier and all members of the Classes sustained similar injuries as a result of Defendants' false advertising and unlawful business practices.

103. The claims of the named Plaintiffs Vickery, Bordeaux, and Wier are typical because they arise from the same course of conduct and legal theories as the claims of the Class members in their respective Classes.

104. Plaintiffs Vickery, Bordeaux, and Wier will fairly and adequately protect the interests of each Class they seek to represent. Plaintiff Vickery will fairly and adequately

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

protect the interests of the California Class. Plaintiffs Bordeaux and Wier will fairly and adequately protect the interests of the Rest of the United States Class.

105. Plaintiffs Vickery, Bordeaux, and Wier have retained counsel experienced in complex class action litigation.

106. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

107. Individual litigation is impractical because the damages sustained by individual Class members may be relatively small, making it difficult for individuals to justify the expense of bringing individual lawsuits.

## CLAIMS FOR RELIEF

**Count I - False Advertising in Violation of <u>15 USCS § 1125</u>**

(against defendant SD Bullion, Inc.)

108. Plaintiff Profits Plus Precious Metals repeats and realleges the allegations set forth in paragraphs 1 through 107 as if fully set forth herein and brings this Count I solely in its capacity as a commercial competitor of Defendant SD Bullion under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

109. Defendant made a false or misleading statement of fact in a commercial advertisement about its own product.

110. Defendant advertised its services and products with the phrase "SD BULLION The Lowest Price. Period." in all its promotional materials and online advertisements.

111. This statement is literally false as demonstrated by the fact that on May 25, 2025, Plaintiff Vickery purchased a 2025 1/4 oz American Gold Eagle Coin from SD Bullion at a

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

price of $1,129.95 with tax, when the identical coin was available from a competitor for $1,027.95 with tax on the same day.

112. This statement is further demonstrated to be false by the fact that on January 15, 2024, Plaintiff Bordeaux purchased 20 "2024 1 oz American Silver Eagle Coin BU" from SD Bullion at a price of $27.38 per unit, when Bullion Exchanges was offering the same coin for as low as $27.01 per unit on the same day.

113. This statement is further demonstrated to be false by the fact that on May 28, 2023, Plaintiff Wier purchased precious metal coins from SD Bullion at prices ranging from $29.31 to $30.31 per unit, when Bullion Exchanges was offering the same coins for prices ranging from $26.66 to $27.46 per unit on May 27, 2023.

114. It is impossible for any dealer to consistently offer the lowest prices to all customers at all times, given the fluctuating nature of the precious metals market.

115. The statement actually deceived or has the tendency to deceive a substantial segment of its audience.

116. Consumer Plaintiffs Vickery, Bordeaux, and Wier were deceived by Defendant's false claim about having the lowest prices, which induced them to purchase coins from Defendant, and their experiences exemplify the deception suffered by consumers to whom the false statement was directed.

117. The deception is material, in that it is likely to influence the purchasing decision.

118. Price is a significant factor in consumer purchasing decisions, especially for precious metals.

119. Defendant's false claim about having the lowest prices was designed to influence consumers' purchasing decisions.

120. Defendant caused its false statement to enter interstate commerce.

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

121. Defendant markets and sells precious metal coins nationwide through its website and other promotional materials, thus causing the false statement to enter interstate commerce.

122. Plaintiff Profits Plus Precious Metals is a commercial competitor of SD Bullion and has been injured as a result of the false statement, including injury to its commercial interests in sales and business reputation among consumers, such as California consumers, who were diverted to SD Bullion by the false “The Lowest Price. Period.” Advertising.

123. Plaintiff Profits Plus Precious Metals has lost sales and suffered damage to its competitive position in the precious metals market as a result of Defendant's false advertising.

124. Customers who would have purchased from Plaintiff Profits Plus Precious Metals have instead purchased from SD Bullion in reliance on SD Bullion's false claim of having "The Lowest Price. Period."

125. Plaintiff Profits Plus Precious Metals have suffered direct diversion of sales from itself to Defendant SD Bullion.

126. Plaintiff Profits Plus Precious Metals have suffered a lessening of goodwill associated with its products as a result of Defendant's false advertising.

127. The injury to Plaintiff Profits Plus Precious Metals is proximately caused by the deception wrought by Defendant's advertising, because the false “The Lowest Price. Period.” claim was specifically designed to, and did, divert sales away from competitors such as Profits Plus Precious Metals.

128. One specific example (and there are many others too long to list herein) of lost sales from SD Bullion’s false advertising is on 2/4/2026 **Profits Plus Precious Metals** was offering a box of 500 1 oz Canadian Silver Maple Leaf Coin (random year) for $95.99 per

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

coin, while on the same day, **SD Bullion** was selling the same coin for $102.02 all the while they were claiming they were "The Lowest Price. Period." Below is a post on X by Profits Plus Precious Metals illustrating this example:




**Count II - Contributory False Advertising in Violation of <u>15 USCS § 1125</u>**

(against defendants Smart Silver Stacker, Silver Dragons, Yankee Stacking, and Silver Seeker)

129. Plaintiff Profits Plus Precious Metals repeats and realleges the allegations set forth in paragraphs 1 through 129 as if fully set forth herein and brings this Count II under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on Defendants' contributory false advertising that injured Profits Plus Precious Metals' commercial interests in sales and business reputation.

130. Defendants actively and materially contributed to SD Bullion's false advertising.

131. These Defendants promoted SD Bullion's false advertising claim of having "The Lowest Price. Period." through their respective platforms, websites, social media accounts, and other means of communication.

132. These Defendants disseminated promotional content featuring SD Bullion's false "Lowest Price. Period." claim to their audiences.

133. These Defendants knew that the advertising was false or misleading.

134. These Defendants knew that SD Bullion's claim of having "The Lowest Price. Period." was false when they promoted it, as they were aware that other dealers offered the same coins at lower prices.

135. These Defendants knew or should have known that SD Bullion's claim was untrue because of their expertise in the precious metals market and access to pricing information.

136. Plaintiff Profits Plus Precious Metals is a commercial competitor and has suffered injury as a result of the false advertising promoted by these Defendants, including lost sales, diverted customers, and damage to goodwill among consumers to whom these Defendants promoted SD Bullion’s false “The Lowest Price. Period.” Claim.

137. Plaintiff Profits Plus Precious Metals have lost sales and suffered damage to its competitive position in the precious metals market as a result of these Defendants' promotion of SD Bullion's false advertising.

138. Customers who would have purchased from Plaintiff Profits Plus Precious Metals have instead purchased from SD Bullion in reliance on SD Bullion's false claim of having "The Lowest Price. Period." as promoted by these Defendants.

139. As shown above on the YouTube Defendants’ streams, specific examples of this false promotional content were disseminated by the YouTube Defendants, evidence of financial arrangements between SD Bullion and the YouTube Defendants is that each of the YouTube Defendants were paid by SD Bullion to advertise the false statement that SD Bullion was “The Lowest Price. Period.” All the while each of the YouTube Defendants

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

have made statements on their streams of how to purchase precious metals, illustrating their knowledge of the falsity of SD Bullion's advertising claims.

**Count III - Unfair Competition in Violation of Cal Bus & Prof Code § 17200**
(against all defendants)

140. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 140 as if fully set forth herein and, for purposes of this Count III, Plaintiff Vickery asserts claims on behalf of himself and the California Class, and Plaintiff Profits Plus Precious Metals asserts claims on its own behalf as a competitor. Defendants engaged in an unlawful, unfair, or fraudulent business act or practice.

141. Defendant SD Bullion engaged in a fraudulent business practice by falsely advertising that it has "The Lowest Price. Period." when in fact its prices were higher than competitors.

142. On May 25, 2025, SD Bullion charged Plaintiff Vickery $1,129.95 with tax for a 2025 1/4 oz American Gold Eagle Coin, when the identical coin was available from a competitor for $1,027.95 with tax on the same day.

143. On January 15, 2024, SD Bullion charged Plaintiff Bordeaux $27.38 per unit for "2024 1 oz American Silver Eagle Coin BU," when Bullion Exchanges was offering the same coin for as low as $27.01 per unit on the same day, illustrating the falsity and materiality of SD Bullion's "The Lowest Price. Period." Claim.

144. On May 28, 2023, SD Bullion charged Plaintiff Wier prices ranging from $29.31 to $30.31 per unit for precious metal coins, when Bullion Exchanges was offering the same coins for prices ranging from $26.66 to $27.46 per unit on May 27, 2023, further illustrating the falsity and materiality of SD Bullion's "The Lowest Price. Period." Claim.

Admire & Associates
1770 Avenida Del Mundo, Suite 704
Coronado, California 92118

145. Defendants Smart Silver Stacker, Silver Dragons, Yankee Stacking, and Silver Seeker engaged in fraudulent business practices by promoting SD Bullion's false advertising claims while knowing they were false.

146. The business act or practice occurred in the conduct of Defendants' business.

147. This false advertising occurred in the conduct of SD Bullion's business of selling precious metal coins.

148. This false advertising occurred in the conduct of the other Defendants' businesses of providing information, reviews, or recommendations about precious metal dealers.

149. Specifically, Plaintiff Vickery and members of the California Class have suffered injury in fact and lost money or property in California, and Plaintiff Profits Plus Precious Metals has suffered injury in fact and lost money or property in the form of diverted sales and lost business opportunities, including in California.

150. Plaintiff Vickery suffered injury in fact by losing money, specifically approximately $102 per coin, as a result of relying on Defendants' false claims while residing in and purchasing from California.

151. Plaintiff Profits Plus Precious Metals suffered injury in fact by losing sales and business opportunities as a result of Defendants' false claims, including lost sales to California consumers who instead purchased from SD Bullion in reliance on the false "The Lowest Price. Period." advertising.

152. Plaintiffs Vickery, relied on the false claims when making their purchases and would not have purchased from SD Bullion or would have negotiated lower prices had they known the claims were false. Plaintiff Vickery's reliance and resulting overpayments occurred in California and give rise to his and the California Class's claims under the Unfair Competition Law. As illustrated above in evidence of overcharges paid by class

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

members, testimony from class members regarding reliance on the false advertising, show harm to consumers and competitors.

**Count IV - False Advertising in Violation of Cal Bus & Prof Code § 17500**

(against all defendants)

153. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 157 as if fully set forth herein, and for purposes of this Count IV, Plaintiff Vickery asserts claims on behalf of himself and the California Class, and Plaintiff Profits Plus Precious Metals asserts claims on its own behalf as a competitor.

154. Defendants publicly disseminated an advertising statement.

155. Defendant SD Bullion publicly disseminated the advertising statement "The Lowest Price. Period." in all its promotional materials and online advertisements.

156. Defendants Smart Silver Stacker, Silver Dragons, Yankee Stacking, and Silver Seeker publicly disseminated SD Bullion's advertising statement by promoting it through their respective platforms, websites, social media accounts, and other means of communication.

157. The statement was untrue or misleading.

158. This statement was untrue as demonstrated by the fact that on May 25, 2025, Plaintiff Vickery found the same coins for approximately $102 less per coin from other sources on the same day.

159. This statement was untrue as demonstrated by the fact that on January 15, 2024, Plaintiff Bordeaux could have purchased the same coins for $0.37 less per unit from Bullion Exchanges on the same day.

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

160. This statement was untrue as demonstrated by the fact that on May 28, 2023, Plaintiff Wier could have purchased the same coins for prices ranging from $2.45 to $2.85 less per unit from Bullion Exchanges on May 27, 2023.

161. Defendants knew that the statement was untrue or misleading.

162. Defendant SD Bullion knew that its claim was untrue because it is impossible for any dealer to consistently offer the lowest prices to all customers at all times, and Defendant could have easily compared its prices to competitors.

163. Defendants Smart Silver Stacker, Silver Dragons, Yankee Stacking, and Silver Seeker knew that SD Bullion's claim was untrue because of their expertise in the precious metals market and access to pricing information.

164. The statement concerned property or services.

165. The statement concerned the price of precious metal coins sold by Defendant SD Bullion.

166. Plaintiffs relied on the statement to the extent allowed by California Business and Professions Code § 17535 and applicable law. Plaintiff Vickery relied on the false statement when he purchased gold coins from SD Bullion on May 25, 2025, while residing in and physically present in California.

167. Plaintiffs suffered injury as a result of the reliance as follows. Plaintiff Vickery and members of the California Class suffered injury by losing money or property in California as a result of relying on the false statement, and Plaintiff Profits Plus Precious Metals suffered injury by losing sales and suffering damage to its competitive position, including in California, as a result of the false statement.

168. Plaintiff Vickery suffered injury by paying approximately $102 more per coin than he would have paid had he not relied on the false statement.

169. Plaintiff Profits Plus Precious Metals suffered injury by losing sales and suffering damage to its competitive position as a result of the false statement, including the diversion of consumers, such as California consumers, who were misled by the false "The Lowest Price. Period." Advertising.

170. As illustrated above in this complaint (with snapshots of evidence of the widespread dissemination of the false advertising), and the fact that the 3 of the Plaintiffs herein were consumers who herein state they relied on the false advertising when making their purchases, the false statement was widely disseminated and materially likely to deceive reasonable consumers, including California consumers.

**Count V - Civil Conspiracy**

(against all defendants)

171. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 180 as if fully set forth herein.

172. Defendants formed and operated a conspiracy.

173. SD Bullion and the YouTube Defendants agreed to promote the false advertising claim that SD Bullion had "The Lowest Price. Period." while knowing this claim was false and to intentionally misrepresent material facts about SD Bullion's pricing to consumers.

174. The agreement among the defendants was evidenced by coordinated promotional activities, including synchronized posting of promotional content featuring SD Bullion's false "Lowest Price. Period." claim across multiple YouTube channels and social media platforms.

175. The agreement among the defendants was further evidenced by financial arrangements between SD Bullion and the YouTube Defendants whereby the YouTube

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

Defendants received compensation for promoting SD Bullion's products and false advertising claims.

176. The agreement among the defendants was further evidenced by email communications between SD Bullion and the YouTube Defendants discussing promotional strategies and coordinating the dissemination of SD Bullion's false advertising claims.

177. The defendants acted in concert and came to a mutual understanding to accomplish a common and unlawful plan.

178. The defendants came to a mutual understanding to accomplish the common and unlawful plan of deceiving consumers through false advertising and intentional misrepresentation of material pricing information.

179. The defendants coordinated promotional activities were designed to create the false impression that SD Bullion consistently offered the lowest prices in the precious metals market.

180. The defendants' conspiracy was intended to deceive consumers and divert sales from competitors to SD Bullion.

181. Wrongful conduct in furtherance of the conspiracy occurred.

182. Pursuant to their agreement, the defendants promoted the false advertising claim that SD Bullion had "The Lowest Price. Period." despite knowing this claim was false and intending that consumers rely on that misrepresentation when purchasing precious metals.

183. The YouTube Defendants promoted SD Bullion's false advertising claim through their respective platforms, websites, social media accounts, and other means of communication.

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

184. The defendants' wrongful conduct in furtherance of the conspiracy included the dissemination of false advertising statements designed to deceive consumers and divert sales from competitors.

185. Damages arose from the wrongful conduct.

186. As a result of the defendants' conspiracy to promote false advertising, Plaintiff Vickery paid approximately $102 more per coin than he would have paid elsewhere while residing in and purchasing from California.

187. As a result of the defendants' conspiracy to promote false advertising, Plaintiff Profits Plus Precious Metals lost sales and suffered damage to its competitive position in the precious metals market including in California.

188. Email communications between the defendants about how and what specifically to advertise, among the defendants regarding promotional strategies, and testimony from former employees or associates of the defendants regarding the conspiracy illustrate the coordinated nature of the defendants' promotional activities.

**Count VI - Common Law Fraud/Intentional Misrepresentation**

(against all defendants) (On behalf of Rest of the United States Class)

189. Plaintiffs Bordeaux and Wier, on behalf of themselves and the Rest of the United States Class, bring this claim under the common law of fraud/intentional misrepresentation of their respective states (e.g., Virginia law for Bordeaux and Texas law for Wier, as applicable to each class member). Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 188 as if fully set forth herein.

190. Defendants made false representations of material fact by advertising "The Lowest Price. Period." when they knew SD Bullion's prices were not the lowest available.

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

191. Defendants knew these representations were false at the time they were made, as evidenced by the pricing discrepancies documented herein and their expertise in the precious metals market.

192. Defendants made these false representations with the intent that consumers, including members of the Rest of the United States Class, would rely upon them in making purchasing decisions in their home states.

193. Members of the Rest of the United States Class, including Plaintiffs Bordeaux in Virginia and Wier in Texas, justifiably relied upon these false representations in deciding to purchase precious metals from SD Bullion.

194. As a direct and proximate result of this reliance, members of the Rest of the United States Class suffered damages by paying higher prices than they would have paid elsewhere under the laws of their respective states.

**Count VII - Common Law Negligent Misrepresentation**

(Against all defendants) (On behalf of Rest of the United States Class)

195. Plaintiffs Bordeaux and Wier, on behalf of themselves and the Rest of the United States Class, bring this claim under the common law of negligent misrepresentation of their respective states (e.g., Virginia law for Bordeaux and Texas law for Wier, as applicable to each class member). Plaintiffs incorporate by reference all preceding allegations as set forth in paragraphs 1 through 194 as if fully set forth herein.

196. Defendants had a duty to exercise reasonable care in making statements about SD Bullion's pricing in their commercial advertisements and promotional materials.

197. Defendants breached this duty by failing to verify the accuracy of the "The Lowest Price. Period." claim before disseminating it to consumers.

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

198. Members of the Rest of the United States Class justifiably relied upon these negligent misrepresentations in their home states.

199. As a direct and proximate result, members of the Rest of the United States Class suffered pecuniary losses pursuant to the laws of their respective states.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants and in favor of Plaintiffs and the class members, and grant the following relief:

**Relief for Class Members (Plaintiffs Vickery, Bordeaux, Wier, and Class Members)**

1. Certification of this action as a class action on behalf of the California Class and For the Rest of the United States Class as defined above pursuant to Fed. R. Civ. P. 23, with subclasses if and/or as necessary for state-specific claims under the laws of each class member's state, award damages and restitution under the applicable state laws (e.g., Virginia law for Plaintiff Bordeaux and Texas law for Plaintiff Wier), as determined by the Court, for common law fraud and negligent misrepresentation.[1]
2. Appointment of Plaintiff Robert Vickery as class representative for the California Class, and Plaintiffs Stephen Bordeaux and David Wier as class representatives for the Rest of the United States Class, and appointment of their counsel as class counsel.
3. A declaration pursuant to **28 USCS § 2201** that Defendants' advertising claim "The Lowest Price. Period." is false and misleading and in violation of California Business and Professions Code §§ 17200 and 17500.

---

[1] See *In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539 (9th Cir. 2019), to support nationwide class viability.

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

4. Injunctive relief pursuant to California Business and Professions Code §§ 17203 and 17535, prohibiting Defendants from continuing to advertise with the slogan "The Lowest Price. Period." or any similar false or misleading statement directed at consumers in California; and (b) injunctive relief pursuant to 15 U.S.C. § 1116, enjoining Defendants from engaging in false and misleading advertising in violation of § 43(a) of the Lanham Act, as requested by Plaintiff Profits Plus Precious Metals.
5. Restitution pursuant to **Cal Bus & Prof Code § 17203** of all monies acquired by Defendants through their false advertising to compensate Plaintiffs Vickery, and class members for the price difference paid as a result of Defendants' false advertising against all Defendants. With restitution under California law awarded to Plaintiff Vickery and the California Class.
6. Restitution pursuant to of all monies acquired by Defendants through their false advertising to compensate Plaintiffs Stephen Bordeaux and David Wier and for the Rest of the United States Class, and class members for the price difference paid as a result of Defendants' false advertising against all Defendants. With restitution under common law or their respective State laws awarded to Plaintiffs Stephen Bordeaux and David Wier and for the Rest of the United States Class.
7. Civil penalties for violations of California's false advertising law pursuant to **Cal Bus & Prof Code § 17206** against all Defendants.
8. Reasonable attorneys' fees and costs to Plaintiffs Vickery, and class members pursuant to **USCS Fed Rules Civ Proc R 54** and any applicable state fee-shifting provisions and Relief for Competitor Plaintiff Profits Plus Precious Metals.

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

**Relief for Plaintiff Profits Plus Precious Metals.**

1. An award to Plaintiff Profits Plus Precious Metals of Defendant SD Bullion's profits pursuant to **15 USCS § 1117** for Defendant SD Bullion's violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125 (against Defendant SD Bullion, Inc.)

2. An award to Plaintiff Profits Plus Precious Metals of any damages sustained as a result of Defendants' false advertising pursuant to **15 USCS § 1117** against all Defendants for their direct and contributory violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

3. An award to Plaintiff Profits Plus Precious Metals of the costs of this action pursuant to **15 USCS § 1117** against all Defendants.

4. An award to Plaintiff Profits Plus Precious Metals of treble damages pursuant to **15 USCS § 1117** if Defendants' conduct is found to be willful against all Defendants.

5. Reasonable attorneys' fees and costs to Plaintiff Profits Plus Precious Metals pursuant to **15 USCS § 1117** against all Defendants.

6. Disgorgement of all profits obtained by Defendants through their false advertising against all Defendants.

7. To the extent permitted by law, an award of punitive and exemplary damages pursuant to **Cal. Civ. Code § 3294** against all Defendants on Plaintiffs' common law intentional misrepresentation and conspiracy claims, if the Court or jury finds that Defendants' conduct was characterized by oppression, fraud, or malice; provided that Plaintiffs do not seek punitive damages under California's Unfair Competition Law or False Advertising Law. An award of punitive damages pursuant to **Cal Civ Code § 3294** against all

ADMIRE & ASSOCIATES
1770 AVENIDA DEL MUNDO, SUITE 704
CORONADO, CALIFORNIA 92118

Defendants if the Court finds that Defendants' conduct was characterized by oppression, fraud, or malice.

8. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 30th day of March 2026

Respectfully Submitted,

ADMIRE & ASSOCIATES

By: S/Duane A. Admire
Duane A. Admire, Esq.

**ADMIRE & ASSOCIATES**
1770 Avenida Del Mundo, Suite 704
Coronado, California 92118
Telephone: 619.316.6658
Email: Duaneadmire@outlook.com

***Counsel for Plaintiffs and the Proposed Class***